**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**WILLIAM TONY McCROAN,**

      **Plaintiff,**

**vs.**                                     **Case No. 4:13cv272-MW/CAS**

**JUDGE WILLIAM L. WRIGHT,**
**et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

      Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  As Plaintiff paid the assessed initial partial filing fee on May 20, 2013, doc. 5, the complaint may now be reviewed as is required by 28 U.S.C. § 1915A.

      Prior to review, however, Plaintiff filed a document which was untitled by Plaintiff, doc. 6, but which asserts that Plaintiff served the Defendants with a copy of his civil rights complaint on May 16, 2013, by certified mail.  The Clerk of Court had not yet been directed to issue summons, nor has service been ordered in this case.  Because a complaint must be served with a summons, and because a complaint must be served

by a "person who is at least 18 years old and not a party" to the litigation, *see* FED. R.

CIV. P. 4(c)(2), Plaintiff's effort to serve the complaint on his own is ineffective.

The complaint, doc. 1, asserts claims against the following Defendants: Judge

William L. Wright, Assistant State Attorney J. Shad Redmon, Assistant Regional

Conflict Counsel Crystal J. Marsh.  The case involves Plaintiff's challenge that the

November 22, 2010, order entered by Judge Wright to involuntarily commit Plaintiff,

finding Plaintiff "insane at the time of the offense," is invalid.  Doc. 1 at 5.  Plaintiff

asserts that the evaluating psychologist found Plaintiff "marginally incompetent to

proceed to trial," and Plaintiff disputes that the psychologist found him "insane."  *Id.*

Plaintiff contends that the prosecutor, Defendant Redman, "did not file the indictment

and information charges" against Plaintiff in time.  *Id.* at 6.  Furthermore, because

Defendant Redmon's name is "also on the invalid court order," Plaintiff contends that

Defendant "is just as reliable [sic] as Judge William L. Wright" in Plaintiff's involuntary

confinement to the Florida State Hospital.  *Id.*  Similarly, Plaintiff contends that the

name of his regional Counsel, Defendant Marsh, was also on the order.  *Id.* at 7.  As

relief, Plaintiff is asking to be released from the Florida State Hospital, to have all state

charges dismissed and dropped against him, and he seeks "50,000.00 for ever year" he

has been confined.  *Id.* at 9.

The absolute immunity of a defendant is one of a number of grounds which

justifies § 1915(d) dismissal.  <u>Clark v. Ga. State Pardons and Parole Bd.</u>, 915 F.2d 636,

640 n. 2 (11th Cir. 1990) and cases cited.  If a judge is acting in his judicial capacity, he

is entitled to absolute immunity from liability for damages under Section 1983 unless he

acts in the "clear absence of all jurisdiction."  <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-

357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In Stump v. Sparkman, the

United States Supreme Court set "forth a two-part test for determining when a judge is

entitled to immunity from money damages liability when sued under Section 1983."

Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996), *citing* Stump, 435 U.S. 349,

98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).  "The first part of the test is whether the judge

dealt with the plaintiff in a judicial capacity."  Simmons, 86 F.3d at 1084-1085, *quoting*

Stump, 435 U.S. at 362, 98 S. Ct. at 1107.  Defendant Wright has immunity because he

dealt with Plaintiff in his judicial capacity in issuing Plaintiff's commitment order.  86

F.3d at 1085; 435 U.S. at 362, 98 S. Ct. at 1107.  The second part of the test looks at

"whether the judge acted in the 'clear absence of all jurisdiction.'"  86 F.3d at 1085; 435

U.S. at 357, 98 S. Ct. at 1105, *quoting* Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351,

20 L. Ed. 646 (1872).  The second part of the Stump test is also satisfied.  The judge

presiding over Plaintiff's criminal trial had jurisdiction over Plaintiff.  Therefore, because

Defendant Wright has judicial immunity, the claims against him must be dismissed.[1]

Plaintiff's claims against Defendant Redmon must also be dismissed.  The law is

clear that prosecutors are absolutely immune from suit under the civil rights statutes for

their actions which are "intimately associated with the judicial phase of the criminal

process."  Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d

---

[1] Plaintiff attached a copy of an order denying his petition for writ of habeas corpus entered by Judge William L. Wright on June 27, 2011.  Doc. 1 at 10.  That order clarifies that Plaintiff "was committed in accordance with an order issued on November 22, 2010, which found [Plaintiff] was incompetent to proceed and adjudicated him Not Guilty by Reason of Insanity."  *Id.*  The November 22, 2010, order was also provided. Doc. 1 at 29-34.  Notably, Plaintiff's appeal before the Florida First District Court of Appeal has recently been successful.  In a per curiam opinion filed on April 4, 2013, the denial of his habeas petition was reversed, the judgment of not guilty by reason of insanity was quash, and the case was remanded for further proceedings.  Doc. 1 at 19.

128 (1976); <u>Cook v. Houston Post</u>, 616 F.2d 791, 793 (5th Cir. 1980). Plaintiff cannot bring a claim for damages against Defendant Redmon as that Defendant was prosecuting Plaintiff on state criminal charges.

Plaintiff's claim against Defendant Marsh cannot go forward in this civil rights case either because Defendant Marsh appears to have been representing Plaintiff in the criminal proceeding. Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. <u>Richardson v. Fleming</u>, 651 F.2d 366, 371 (5th Cir. 1981); <u>Slavin v. Curry</u>, 574 F.2d 1256, 1265 (5th Cir. 1976); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985). There are no allegations of a conspiracy and because a criminal defense attorney is not a "state actor," the claim against Defendant Marsh must be dismissed.

Finally, to the degree Plaintiff's complaint should be liberally construed to bring a claim against the State of Florida as well, that claim cannot survive either. It is well established that the Eleventh Amendment is an absolute bar to a § 1983 suit for monetary damages by an individual against a state or its agencies. <u>Edelman v. Jordan</u>, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974). Thus, a § 1983 suit against the State of Florida is barred by the Eleventh Amendment. <u>Gamble v. Florida Dept. of Health and Rehab. Servs.</u>, 779 F.2d 1509 (11th Cir. 1986). Congress has not abrogated a state's immunity in enacting § 1983, <u>Quern v. Jordan</u>, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), neither has Florida waived its Eleventh Amendment sovereign immunity and consented to suit in federal court under § 1983. <u>Gamble</u>, 779 F.2d at 1520.

One notable exception to this constitutional bar is through <u>Ex Parte Young</u>, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).  *See* <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 269, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court); <u>Sandoval v. Hagan</u>, 197 F.3d 484, 492 (11th Cir. 1999), *citing* <u>Summit Medical Assoc. v. Pryor</u>, 180 F.3d 1326, 1336-38 (11th Cir. 1999).  That exception does not apply in this case because Plaintiff is not truly seeking injunctive relief, but habeas relief.  A civil rights action cannot be used to seek release from detention.  Moreover, in light of the recent April 2013 Order from the Florida First District Court of Appeal, doc. 1 at 19, the denial of Plaintiff's state habeas petition has now been reversed.  Any relief to which Plaintiff is due must now come from state court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted as to the State of Florida and Defendant Marsh pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and because Defendants Wright and Redmon are immune from such relief pursuant to § 1915(2)(B)(iii), that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**IN CHAMBERS** at Tallahassee, Florida, on June 4, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.